ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JOHN ULLOM (CABN 249141)
Special Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6471
    John.Ullom@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM ESTRADA ARTEAGA, <br><br> Defendant. | CASE NO. 3:24-CR-00327-EMC <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Court:         Hon. Edward M. Chen <br> Hearing Date:  October 29, 2024 <br> Hearing Time:  2:15 P.M. |

## I.    INTRODUCTION

The defendant William Estrada Arteaga is a recidivist, low-level Tenderloin drug dealer who has been undeterred by his prior arrests. Estrada Arteaga is 24 years old, and he has been arrested for possession for sale of fentanyl and/or methamphetamine on six separate occasions since July of 2022. All of those arrests have resulted in filed state cases. Estrada Arteaga pled guilty in two of those state cases to felony violations of California Penal Code 32 (accessory to a felony) on October 12, 2023, and was sentenced to a term of probation on November 9, 2023. Estrada Arteaga is currently on two active grants of felony probation at the state level.

He now needs a graduated punishment to deter his repeated unlawful sales and possession with the intent to sell narcotics. The government requests a 24-month sentence. Here is why. The defendant

is a danger to the community and has continued to engage, as he has for the last two years, in conduct that presents a danger to the community notwithstanding prior state intervention. The facts are as follows: In the instant offense, occurring on February 18, 2024, defendant sold $20 of methamphetamine to an undercover San Francisco Police Department officer in the area of Hyde and Ellis Streets in San Francisco. He was subsequently arrested, and police recovered 7.1 grams gross of methamphetamine, 57.7 grams gross of fentanyl, 19.6 grams gross of cocaine base, 28.7 grams gross of heroin, and 13.4 grams gross of alprazolam. Officers also recovered $1,878 in U.S. currency and a digital scale. Defendant knew that each substance was a federally controlled substance, and he possessed the fentanyl with the intent to distribute it to other persons. *See* Plea Agreement at 3, ¶ 2.

The instant conduct before the Court is the most recent in a long line of admittedly low-level narcotics related arrests and convictions that defendant has accumulated over the prior two years, including the aforementioned state felony convictions in which defendant was placed on grants of probation. In the first of those two cases, on August 24, 2022, SFPD officers were working in a plainclothes capacity when they met with Estrada Arteaga at Hyde and Ellis Streets. One officer purchased 0.4 gross grams of cocaine base from Estrada Arteaga. Estrada Arteaga was then placed under arrest. A search of Estrada Arteaga's person and belongings revealed $25 of Marked City Funds obtained during the undercover purchase, two Oxycodone pills weighing 1.2 gross grams, 14.4 gross grams heroin, 5.8 gross grams cocaine powder, 10.7 gross grams of methamphetamine, 8.1 gross grams of cocaine base, marijuana, $813 in U.S. currency, and a digital scale. Defendant entered a plea to a single count of Cal. Penal Code section 32 (accessory to a felony) and was placed on probation and given credit for having served 180 days in county jail. *See* PSR ¶ 28.

In the second matter, on July 13, 2023, officers were patrolling near Hyde and Eddy Streets and observed Estrada Arteaga, a known narcotics dealer on the sidewalk. Estrada Arteaga looked at the police vehicle and began to walk away. Officers knew that Estrada Arteaga was in violation of his stay away order and broadcasted his information. Estrada Arteaga was located in front of 750 O'Farrell Street and was placed under arrest. A search of Estrada Arteaga's person revealed 117.2 gross grams of heroin, 3.9 gross grams of cocaine powder, marijuana, a digital scale, $753 of U.S. currency, 6 gross grams of Fentanyl which tested positive for Mannitol (a cutting agent), 10.7 gross grams of methamphetamine, 5.1

gross grams of suspected alprazolam, and 12.9 gross grams of cocaine base. Defendant entered a plea to a single count of Cal. Penal Code section 32 (accessory to a felony) and was placed on probation and given credit for having served 180 days in county jail. *See* PSR ¶ 29. This sentence was concurrent to the sentence referenced in the previous paragraph.

Additionally, defendant has had multiple arrests that resulted in cases that were dismissed either as part of a negotiated disposition or as a result of his most recent case being charged federally. On July 27, 2022, officers were working in a plainclothes capacity and traveling in an unmarked police car. An officer met with a subject later identified as Estrada Arteaga and purchased 0.6 gross grams of cocaine base. Estrada Arteaga then began to walk away from the area and officers nearby placed him under arrest. A search of his person and belongings revealed $20 of Marked City Funds from the undercover drug sale, a black container holding 16.7 gross grams of cocaine base, $232 of U.S. currency, a digital scale, marijuana, a Ziploc bag containing numerous smaller baggies of 17.7 gross grams of heroin, 10.9 gross grams of cocaine, 7.9 gross grams of cocaine base, and 16.9 gross grams of methamphetamine, and a counterfeit $20 bill. It should be noted that when officers located the black container of cocaine base, Estrada Arteaga spontaneously stated, "it's just crack," and when officers examined the cocaine powder, he spontaneously stated, "it's not fentanyl." *Id* at ¶ 32.

On November 22, 2022, officers were searching for Estrada Arteaga for an outstanding warrant. Officers observed Estrada Arteaga near Hyde Street and Geary Boulevard. Officers approached and gave verbal commands informing Estrada Arteaga that he was under arrest and he was compliant. After being placed under arrest, Estrada Arteaga lost his balance and stated he was dizzy. An ambulance was requested, and Estrada Arteaga was transported to San Francisco General Hospital. A search of Estrada Arteaga's person and belongings revealed the following: 15.1 gross grams of heroin, 16.2 gross grams of methamphetamine, 11.2 gross grams of cocaine base, 9 gross grams of cocaine salt, $340 of U.S. currency, a digital scale, and 11.2 gross grams of marijuana. *Id* at ¶ 33.

On January 11, 2023, officers completed a "buy bust" operation. Officers purchased 0.9 grams of methamphetamine from Estrada Arteaga. After the purchase, Estrada Arteaga was arrested. A search of Estrada Arteaga's person and belongings revealed 13.4 gross grams cocaine base, 17.9 gross grams of methamphetamine, 9.2 gross grams of cocaine powder, 9.2 gross grams of heroin, 43.5 gross grams of

fentanyl, $249 of U.S. currency, and a digital scale. *Id* at ¶ 34.

As the record demonstrates, the defendant continues to engage in dangerous conduct notwithstanding state intervention. U.S. Probation has arrived at a similar conclusion that a custodial sentence is necessary; they recommend 36 months. Based on the nature and circumstances of the offense and the defendant's criminal history, and the relevant 3553(a) factors, the government submits that a custodial sentence of 24 months imprisonment is sufficient, but not greater than necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a) while taking into account the mitigating factors present in this matter.

## II.   OFFENSE CONDUCT

On February 18, 2024, a San Francisco Police Department (SFPD) officer acting in an undercover capacity served as a "buy" officer during a "buy/bust" operation. At approximately 6:10 a.m., the undercover officer noticed Estrada Arteaga and another unknown individual ("Unknown") standing at the corner of Hyde and Ellis Streets. The undercover officer noticed Unknown retrieve a clear plastic bag from his jacket pocket which appeared to contain a white substance. The undercover officer approached and asked Unknown if he had "crystal," referring to methamphetamine. Unknown replied in Spanish, "tengo crack," which translates to "I have crack." The undercover officer repeated, "crystal." PSR ¶ 7.

Unknown turned to Estrada Arteaga and stated, "Quiere crystal," which means "he wants crystal." Estrada Arteaga immediately approached the undercover officer and retrieved a clear plastic bag from his left jacket pocket containing an off-white crystal-like substance which the officer believed to be methamphetamine. The officer told Estrada Arteaga "venti" which means "twenty" in Spanish and handled him $20 of marked city funds. Estrada Arteaga retrieved two crystals from the clear plastic bag and gave them to the officer. The officer asked Estrada Arteaga for more and he received one additional smaller crystal. *Id.* at ¶ 8.

The officer left the area and gave a signal to notify the arrest team that a transaction had taken place. A description was provided, and officers responded to the area. Officers contacted Estrada Arteaga and after a brief struggle, he was taken into custody. *Id.* at ¶ 9.

A search of Estrada Arteaga's person and belongings revealed 57.7 gross grams of fentanyl, 7.1 gross grams of methamphetamine, 28.7 gross grams of heroin, 13.4 gross grams alprazolam, 19.6 gross grams of cocaine base, marijuana, $1,878 in U.S. currency, a digital scale, a cell phone, and numerous sandwich bags. The purchased methamphetamine weighed 2.2 gross grams. *Id.* at ¶ 10

On May 15, 2024, a Criminal Complaint was filed in the Northern District of California alleging the defendant, William Estrada Arteaga, violated 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Possession with Intent to Distribute Fentanyl, and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of Methamphetamine. A Forfeiture Allegation was filed pursuant to 21 U.S.C. § 853(a).

### III.  PROCEDURAL HISTORY

On June 12, 2024, a two-count Information was filed in the Northern District of California, charging the defendant William Estrada Arteaga with a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 – Possession with Intent to Distribute Fentanyl, Aiding and Abetting (Count One); and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) – Distribution of Methamphetamine and 18 U.S.C. § 2 – Aiding and Abetting (Count Two). A Forfeiture Allegation was filed pursuant to 21 U.S.C. § 853(a).  On August 1, 2024, the defendant pled guilty to Counts One and Two of the Information.

The government also agreed to recommend a sentence on Counts One and Two (to run concurrently) no higher than the bottom of the guidelines range associated with Offense Level 15. The sentencing hearing is currently set for October 29, 2024, at 2:15p.m., before the Honorable Edward M. Chen, Senior United States District Judge.

### IV.  SENTENCING GUIDELINES CALCULATION

The parties agreed to a plea agreement resulting in an adjusted offense level of 21. The calculation is as follows:

    a.    Base Offense Level, U.S.S.G. § 2D1.1(c)(7):     24

    b.    Specific offense characteristics under U.S.S.G. Ch. 2     --
            (*e.g.*, amount of loss, use of firearm)

    c.    Adjustments under U.S.S.G. Ch. 3 (*e.g.*, role in the offense)     --

    d.    Acceptance of Responsibility:     - 3

    e.    Zero Point Offender, U.S.S.G § 4C1.1     - -

f.  Adjusted Offense Level: 21

The government agrees with probation's calculation of the criminal history category of III. PSR ¶ 31.

The government stands by its plea agreement. Pursuant to the plea agreement, and as detailed below, the government recommends a sentence of 24 months—the low end of the guidelines range contemplated by a downward variance from the Adjusted Offense Level of 21 to Level 15, which yields a guidelines range of 24-30 months.[1] The government also agrees that the defendant is in Criminal History category III. *See* PSR ¶ 31.

## V.  APPLICABLE LAW

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id.* After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3)  the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4)  the need for the sentence to protect the public from future crimes of the defendant;

(5)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6)  the need to provide restitution to any victims of the offense.

---

[1] *See* Plea Agreement ¶ 16.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 24 months imprisonment, commensurate with a downward variance to Offense Level of 15 and a CHC III.

The nature and circumstances of the offense of conviction are serious. Estrada Arteaga sold methamphetamine to an undercover officer and possessed fentanyl for sale in the midst of a public health crisis stemming from the use of synthetic opioids and synthetic narcotics. Moreover, he did so despite numerous previous narcotics-related arrests and two felony convictions at the state level related to the same category of conduct. In 2023, Estrada Arteaga was convicted of Cal Penal Code section 32 stemming from an undercover buy of narcotics and separately convicted of Cal Penal Code section 32, also in connection with the possession for sale of narcotics. Estrada Arteaga was placed on probation for both convictions and served 180 days in county jail. *See* PSR at ¶¶ 28 and 29. Including the instant offense, Estrada Arteaga had also been arrested four additional times for narcotics sales related offenses. *See* PSR at ¶¶ 32-35.

Clearly, repeated interactions with law enforcement have not had a deterrent effect to date, nor has probation, or limited local custodial time. The defendant appears to have no qualms about repeatedly selling and possessing for sale dangerous narcotics. His continued pattern of doing so poses a serious public safety risk.

However, it is important to consider mitigating factors that exist and the necessity to not impose a sentence that is more than necessary to comply with the strictures of section 3553(a). While defendant's conduct has been persistent and troubling, it also requires us to acknowledge that within the federal ecosystem of narcotics offenders, defendant occupies the low end of transgressive conduct, and does not appear to occupy a position of responsibility within a drug trafficking organization, nor has he been arrested with deadly or dangerous weapons. Defendant is a young man (24 years old) with both the immaturity and the possibility for change that that represents. PSR at ¶39. He has little formal education, and he was forced to leave school in the sixth grade to assist with family financial needs related to his grandmother's health. PSR at ¶41. Additionally, it appears that Defendant was brought up in a low-income family surrounded by violence and endured a traumatic journey to the United States.

PSR at ¶75. It accrues to his benefit as well, that while he ultimately began to make money by engaging in narcotics trafficking, it was only after he was unable to find lawful employment upon arriving in the United States. PSR at ¶50.

The government's recommendation of 24 months takes these factors into consideration. A custodial sentence of 24 months imprisonment balances the aggravating and mitigating factors noted in the PSR. The government believes this sentence will provide the defendant an opportunity to reflect on the dangerous, potentially fatal consequences of his actions and protect the public from an individual who has proven himself committed to a lifestyle peddling dangerous and illegal narcotics. A custodial sentence of 24 months is significantly more than previous sentences served by defendant at the state level, but nonetheless a downward variance from the Guidelines and thus balances both accountability and deterrence, while leaving room for the need for rehabilitation and the possibility for change while defendant is still a young man with his life in front of him. This sentence is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED: October 22, 2024                          Respectfully submitted,

                                                 ISMAIL J. RAMSEY
                                                 United States Attorney


                                                 ___/s/ John Ullom_____
                                                 JOHN ULLOM
                                                 Special Assistant United States Attorney